IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**JUAN ANGELO TORRES-TORRES,**

**Defendant.**                                                                 No. 09-30184-DRH

### ORDER

**HERNDON, Chief Judge:**

Before the Court is a Second Motion to Continue Trial (Doc. 17) filed by Defendant Juan Angelo Torres-Torres. Defendant requests that the trial currently scheduled for March 22, 2010 be continued as Defendant is in negotiations with the Government regarding a plea agreement. Defendant's counsel stated that he intends to meet with his client this week and needs additional time to review the agreement with Defendant and complete the plea negotiations. The Government does not object to the continuance. Based on the reasons in the motion, the Court finds that the trial should be continued in order to allow Defendant additional time in which to conclude plea negotiations with the Government. Further, the Court finds pursuant to **18 U.S.C. § 3161(h)(7)(A)**, the ends of justice served by the granting of such a continuance outweigh the best interests of the public and Defendant in a speedy trial. To force a Defendant to trial on a case that appears to have great potential to resolve amicably would constitute a miscarriage of justice.

Accordingly, the Court **GRANTS** Defendant's Second Motion to Continue

Trial (Doc. 17).  The Court **CONTINUES** the trial currently scheduled for March 22, 2010 until **April 5, 2010 at 9:00 a.m.**  The time from the date the motion was filed, March 16, 2010, until the date on which the trial is rescheduled, April 5, 2010, is excludable for purposes of a speedy trial.

In continuing this trial, the Court also notes that Defendant Torres-Torres was previously given twenty-one (21) days from the date of his arraignment in which to file pre-trial motions and complete discovery.  According to a recent Supreme Court decision, ***Bloate v. United States*, No. 08-728, – S. Ct. –, 2010 WL 7576600, at * 11 (2010)**, delays resulting from pre-trial motion preparation are not automatically excludable under **18 U.S.C. § 3161(h)(1)**, but requires case-specific findings under **18 U.S.C. § 3161(h)(7)**.  ***See Bloate*, 2010 WL 757660, at * 5**.  In light of the recent decision, the Court finds that the time granted to Defendant for preparation of pretrial motions and discovery was also excludable under **18 U.S.C. § 3161(h)(7)(A)** as the ends of justice served by the granting of such a continuance outweighed the best interests of the public and Defendant in a speedy trial.  To force a Defendant to trial without adequate time to prepare would have constituted a miscarriage of justice.  Therefore, for purposes of the Order issued December 29, 2009, granting Defendant twenty-one (21) days in which to complete discovery and file pre-trial motions (Doc. 9), the Court notes that the time from the arraignment, December 29, 2009, until the date on which the twenty-one days expired, January 19, 2010, is excludable time for the purposes of speedy trial.

Should either party believe that a witness will be required to travel on the Justice Prisoner and Alien Transportation System (JPATS) in order to testify at the trial of this case, a writ should be requested at least two months in advance.

**IT IS SO ORDERED.**

Signed this 16th day of March, 2010.

/s/  David R Herndon

**Chief Judge
United States District Court**